IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GRAND THEATER FOUNDATION, INC.,

        Plaintiff,

v.                                                                                             Case No.  25-2213-JWB

SHAMROCK HILLS, LLC and
WEST BEND MUTUAL INSURANCE COMPANY,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to remand. (Doc. 7.)  The motion has been fully briefed and is ripe for decision. (Docs. 13, 14.) The motion is GRANTED for the reasons stated herein.

**I.    Facts and Procedural History**

On March 19, 2025, Plaintiff filed a petition in the District Court of Johnson County, Kansas against Shamrock Hills, LLC, ("Shamrock") and West Bend Mutual Insurance Company ("West Bend"). (Doc. 1-1 at 1–7.) Both Defendants were served on March 24. (*Id.* at 12–13.) On April 21, West Bend filed a notice of removal. In that notice, West Bend asserted that removal was appropriate pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis of diversity jurisdiction. (Doc. 1.) West Bend alleged that it is a Wisconsin citizen, that Plaintiff is a citizen of Iowa, and, upon information and belief, Defendant Shamrock is a citizen of Kansas. (*Id.* at ¶¶ 3–5.)  West Bend did not indicate whether Shamrock consented to the removal.

On April 24, Plaintiff moved to remand the matter on the basis that West Bend failed to obtain Shamrock's consent to the removal and failed to establish diversity jurisdiction because the

1

notice of removal failed to allege the citizenship of all members of Shamrock, a limited liability company.  (Doc. 7.)  After the filing of the motion, Shamrock entered an answer, corporate disclosure statement, and its own notice of removal.  (Docs. 10, 11, 12.)  The corporate disclosure states that Shamrock is a limited liability company and the only member is a citizen of Kansas.  (Doc. 11.)  West Bend then filed a response to the motion to remand asserting that the procedural defect in the initial notice of removal was cured by Shamrock's belated consent to removal and that the parties were completely diverse.  (Doc. 13.)  In reply, Plaintiff asserts that the removal was improper because Shamrock is a Kansas citizen.  (Doc. 14.)

II.     Analysis

Plaintiff contends that the notice of removal is defective.  A district court may exercise removal jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Within 30 days after removal, a party may file a motion to remand based on any defect other than lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).  The two requirements for diversity jurisdiction under 28 U.S.C. § 1332(a) have been met here with the filing of the corporate disclosure statement—complete diversity of citizenship between the parties and sufficient facts establishing that the amount in controversy exceeds $75,000.

But as Plaintiff points out, under what is commonly referred to as the forum-defendant rule, "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2) (emphasis added).  This forum defendant rule "reflects the view that the purpose of removal under diversity jurisdiction is to protect defendants who fear parochial bias in state courts, so local defendants have no legitimate

need to remove cases to federal court." *McCray v. McCray Lumber Co.*, No. 23-2175-JWB, 2023 WL 4684684, at *2 (D. Kan. July 21, 2023) (quoting *Woods v. Ross Dress for Less, Inc.*, No. 19-5089, 2021 WL 137561, *4 (10th Cir. Jan. 15, 2021)). Here, based on the corporate disclosure statement, Shamrock is a citizen of Kansas. Shamrock was also properly served prior to the removal. Therefore, removal was improper under the forum defendant rule. *Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013) (discussing that the forum-defendant rule is not jurisdictional and may be waived by a party).

Further, under 28 U.S.C. § 1446(b)(2)(A), all defendants properly served must join in the removal or consent to removal. Plaintiff argues that the notice of removal is defective because it did not indicate whether Shamrock consented to the removal. The court finds that West Bend did not comply with the unanimity requirement under § 1446(b)(2)(A) and, therefore, remand is also appropriate based on this defect in the notice of removal. *See City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1095 (10th Cir. 2017).

### III.   Attorney's Fees

Plaintiff seeks attorney's fees pursuant to 28 U.S.C. § 1447(c) for having to appear in federal court and file the motion to remand. (Doc. 14 at 8.) Under § 1447(c), the court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" when remanding a case to state court. In determining whether to award fees, the court determines whether West Bend had "objectively reasonable grounds to believe the removal was legally proper." *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1148 (10th Cir. 2004), *aff'd*, 546 U.S. 132 (2005). The court is to evaluate the removal at the time it was filed. *Id.* at 1147.

Here, the notice of removal explicitly identified Shamrock as a Kansas citizen upon information and belief. Further, the state court record clearly shows that Shamrock had been served at the time of removal. Under § 1441(b)(2), removal is improper when a Defendant who has been properly served is a citizen of the forum state. Although this issue was not raised at the outset in the motion to remand, it is clear by the pleadings that West Bend has consistently operated under the belief that Shamrock is a Kansas citizen based on the state court petition allegations. (Doc. 1 at ¶ 4.)

Based on West Bend's allegation that Shamrock is a Kansas citizen and it was properly served at the time of removal, the court finds that removal to federal court on the basis of diversity jurisdiction was not objectively reasonable. Therefore, Plaintiff is awarded reasonable attorney's fees pursuant to § 1447(c). The parties are ordered to confer on the amount of Plaintiff's fees incurred as a result of the removal. In the event that the parties are unable to agree as to a reasonable amount, Plaintiff is to file a motion for fees on or before June 30, 2025.

**IV.     Conclusion**

Plaintiff's motion to remand (Doc. 7) is GRANTED. The clerk is to remand this matter to the District Court of Johnson County, Kansas.

IT IS SO ORDERED. Dated this 30th day of May 2025.

                                             _s/ John Broomes_____
                                             JOHN W. BROOMES
                                             UNITED STATES DISTRICT JUDGE